## J. Alfred Eichler v. Francis James.

1. VERDICTS—*Conclusive on Conflicting Evidence.*—Where the evidence is irreconcilably conflicting it is the peculiar province of the jury to reconcile the conflict and determine where the truth lies.

Assumpsit, for services. Appeal from the Circuit Court of McHenry County; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1900. Affirmed. Opinion filed October 8, 1900.

V. S. LUMLEY, attorney for appellant.

E. D. SHURTLEFF and A. B. COON, attorneys for appellee.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action of assumpsit by appellee against appellant, to recover for services in drilling a well. The declaration contained two counts : First, on a special contract, and the second for labor and materials furnished at the request of appellant. The defendant pleaded *non assumpsit*. There were three trials by jury, the two first resulting in a disagreement, and the third in a verdict in favor of the plaintiff for $229.25, upon which the court gave judgment and the defendant appealed to this court.

It appears from the evidence that in September, 1897, the parties entered into an oral contract, whereby appellee agreed to drill a well for appellant, and put therein a force pump, the well and pump to be of sufficient capacity to furnish an ample supply of water for stock purposes. Appellant agreed to pay therefor $1.50 per foot from the top of the pump to the bottom of the well, and to board the men engaged thereon during the continuance of the work.

Appellee commenced work on the well during the same month, and went down to a depth of 148 feet, when he got his drill rods fastened in the well in such manner that after a good deal of effort to get them out he was unable to do so, and they there remained. He had already passed through several veins of water but feared he had not obtained a sufficient supply to fulfill his contract. About the 9th of February, 1898, appellant picked out a pump and appellee put it on the well and made a test of the same and then concluded he had a sufficient supply of water. Whether or not there was a sufficient supply of water to fulfill the terms of the contract appears to have been the principal subject of controversy in the trial of the cause, and on this point there is a serious conflict in the evidence. According to the testimony of plaintiff's witnesses, he and his brother pumped the well for two and one-half hours and got plenty of water and no cessation of the flow. In April a witness testifies that he pumped the well for ten minutes at one time and ten or fifteen minutes at another and got a good, steady flow. Another witness testifies that he pumped it in June and found a steady flow. At one time something was the matter with the pump when appellee was notified and upon examination by him he found a stick in the valve and on removing it the pump then brought water all right. On the other hand the testimony of appellant and his witnesses was that the well could be and was pumped dry in five minutes. It was the peculiar province of the jury to determine, in this irreconcilable conflict of the evidence, where the truth lay, and we are not disposed to interfere with their finding as to this point. The farm was in possession of a tenant, and in March appellant notified the tenant not to use the pump, and he did not thereafter use it. In August following appellant hired another man to dig a well at the same spot where the drill was fast in the ground and around the old pipe and in doing so some water was gotten at a depth of six feet and a sufficient supply at about twenty feet where the new well stopped. By directions of appellant, the pipe put down by appellee was cut off

about eighteen inches above the bottom of the last well, and plugged with a piece of wood having a half inch hole in it. After this suit had been pending some time, and appellant had sold the farm to Colwell, appellee came to the dug well, had the water pumped out and removed the plug having a hole in it, and drove a solid plug far down the pipe and about at the end, effectually closing the pipe and stopping the flow of water therefrom. The evidence shows that before this was done water flowed into the well through the hole in the plug, and that the well had maintained a uniform depth of water of sixteen feet, furnishing an ample supply for stock purposes, and that after putting in the solid plug it dropped to six feet in depth and remained there. There seems to be no reason why appellant could not have located the new well a few feet away from the pipe put in by appellee but he apparently located at the precise spot that he might get the benefit of any water which might flow from that pipe, and left the hole in the plug for that purpose. There is some evidence that appellant put in the plug to keep the sand out of the pipe and left the hole, because he claimed that the water would come out of the smaller hole with more force than it would out of a larger one.

All the proof considered, the jury were not unwarranted in finding that there was a sufficient supply of water for stock purposes from the well drilled by appellee, to fulfill his contract in that behalf, and this they must have done, because in their verdict they allowed the plaintiff the contract price exactly to a cent, which they could not have done unless they concluded he had completed his contract. The evidence being conflicting, and that on the part of the plaintiff being amply sufficient to sustain the verdict, we can not say that the verdict ought to be set aside. We find no material error in the rulings of the court upon the evidence.

Much complaint is made as to the action of the court in giving and refusing instructions. It must be admitted that the record is not entirely free from error in this regard. Instruction No. 1, given for the plaintiff, tells the jury in substance that if plaintiff bored a well or attempted to bore

a well for defendant which furnished water which was used and accepted by the defendant, then although plaintiff had not completed his contract yet he could recover the reasonable expense of his labor and material in furnishing such a supply of water. This instruction related to a right to recover under the second count of the declaration, even though plaintiff had not fulfilled his contract. The instruction was not a correct statement of the law as applicable to the facts appearing in the evidence, but inasmuch as the jury found for the plaintiff the precise contract price, it is evident they found their verdict under the first count of the declaration and the incorrect instruction did the defendant no harm, as the jury were in no wise misled by it.

We do not regard the second instruction given for plaintiff as being open to the criticisms placed upon it by counsel for appellant.

The last two lines of the third instruction complained of by appellant, might be objectionable if standing alone, but the instruction must be considered as a whole and when so considered we think the jury could not have been misled by it.

The fourth instruction relates to an allowance claimed by plaintiff for the cost of boarding his men after the defendant refused longer to pay for such board. As the jury did not allow the plaintiff a single cent upon this claim, the error, if any, in the instruction, should not work a reversal of the judgment.

The fifth instruction was not seriously objectionable. While it directs the assessment of plaintiff's damages at such sum as the evidence shows him entitled to recover, instead of saying " at the contract price," as it should have done, yet the evidence only gave the contract price as the basis and that was all the jury allowed, and the error did no harm.

The sixth instruction is objectionable in using the word "completed" when it meant only when plaintiff ceased his work upon the well; yet the point to which that instruction was directed was that defendant's failure to use the well would not of itself defeat a recovery, and in view of

the other instructions given we do not think the defendant could have been prejudiced by the giving of this instruction.

Complaint is made that several of plaintiff's instructions given, use the expression "sufficient water for farm purposes," or "ordinary farm purposes," and it is urged this was misleading as the contract was, there was to be an ample supply for stock purposes. The proofs all showed that the farm in question was a stock farm, and the evidence was all directed to the question whether there was a sufficient supply of water for that farm as used for stock purposes. No effort was made to draw a distinction in the proofs and show it was sufficient for other farm purposes though not for a stock farm. Appellant tells us in his brief that stock or dairy is now the ordinary use of a farm. We do not think the language used was calculated to mislead the jury. The eighth instruction is not confined to a supply of water in March or April, but precludes that idea by requiring the jury to find generally whether there was sufficient supply of water in said well. We think it was not erroneous.

As to the refused instructions, number five contains an abstract proposition of law which the court was not bound to give. Besides, the rule laid down is not universally true and the instruction required qualification to make it proper to be given.

Number six refused, ignored all proof as to defendant afterward using the drilled well, and also ignored the second count of the declaration. We think it was properly refused.

Seeing no good reason for reversing the judgment it will be affirmed.